IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL ACTION NO. 4:19-CR-129- |
| | § | ALM |
| TOMAS DUQUE-PINEDA (1) | § | |

**REPORT AND RECOMMENDATION**
**OF UNITED STATES MAGISTRATE JUDGE**

Now before the Court is the request for revocation of Defendant Tomas Duque-Pineda's ("Defendant") supervised release. After the District Judge referred the matter to this Court for a report and recommendation, the Court conducted a hearing on June 7, 2021, to determine whether Defendant violated his supervised release. Defendant was represented by Heath E. Hyde. The Government was represented by Lesley Brooks.

Defendant was sentenced on August 27, 2002, before The Honorable U.S. District Judge George P. Kazen of the Southern District of Texas after pleading guilty to the offense of Illegal Entry After Deportation, Following an Aggravated Felony Conviction, a Class C felony. This offense carried a statutory maximum imprisonment term of 20 years. The guideline imprisonment range, based on a total offense level of 17 and a criminal history category of III, was 30 to 37 months. He was subsequently sentenced to 30 months imprisonment followed by a 3 year term of supervised release subject to the standard conditions of release, plus special conditions to include: If deported, the defendant is not to re-enter the United States illegally. If the defendant is deported during the period of probation or the supervised release term, supervision by the probation office becomes inactive. If the defendant returns, the defendant shall repot to the nearest U.S. Probation Office immediately. Supervision by the probation officer reactivates automatically upon the defendant's reporting, and a $100 special assessment. On July 2, 2004, Defendant completed his

period of imprisonment and began service of the supervision term. The case was reassigned to the Honorable U.S. District Judge Amos L. Mazzant, III as a result of a Transfer of Jurisdiction filed on May 16, 2019.

On October 30, 2005, prior to the transfer of jurisdiction, the United States Probation Officer for the Southern District of Texas executed a Petition for Warrant or Summons for Offender Under Supervision alleging two violations [Dkt. 1-5, Sealed]; the Petition was supplemented on April 29, 2019 with an additional violation [Dkt. 1-4, Sealed]. The Petition and Supplement, collectively, assert that Defendant violated three (3) conditions of supervision, as follows: (1) New law violation: manufacture/delivery/cocaine; (2) Violation of special condition ordering defendant not to return to the United States illegally; and (3) New law violation: conspiracy to distribute or possess with intent to distribute or dispense cocaine [Dkts. 1-4 at 2; 1-5 at 1, Sealed].

The Petition alleges that Defendant committed the following acts: (1) (2) On September 8, 2005, Defendant was arrested by the Dallas Police Department and charged with seatbelt law violation, failure to maintain financial responsibility, no driver's license, and manufacture/delivery/cocaine 2.2 grams. On September 10, 2005, Defendant was released to the street after being sentenced to time served for the traffic citations. On the manufacture/delivery/cocaine, he was released on a $2,500 bond. The District Attorney's Office does not have record of this arrest in their system. They have not received documentation from the Dallas Police Department to proceed with prosecution. On July 2,2005, Defendant was released from Reeves County Detention Center, Pecos, Texas, to Immigration and Naturalization Services for deportation. Defendant violated the special condition of supervision by returning to the United States illegally on or about September 8, 2005, as he was arrested by the Dallas Police

Department; and (3) On April 9, 2019, the person under supervision was arrested with other co-conspirators on an Indictment filed in the Eastern District of Texas, Sherman Division, under Criminal Case No. 4:19CR00068-007. Count One of the indictment charges the person under supervision with Conspiracy to distribute and possess with intent to distribute 5 kilograms or more of a mixture or substance containing a detectable amount of cocaine. The case remains pending before the Honorable Amos L. Mazzant III, and final pretrial conference is set for August 9, 2019. [Dkts. 1-4 at 2; 1-5 at 1-2, Sealed].

Prior to the Government putting on its case, Defendant entered a plea of true to each of the allegations. Having considered the Petition and the plea of true to allegations 1 through 3, the Court finds that Defendant did violate his conditions of supervised release.

Defendant waived his right to allocute before the District Judge and his right to object to the report and recommendation of this Court [Dkt. 13].

## **RECOMMENDATION**

Pursuant to the Sentencing Reform Act of 1984, the Court recommends that Defendant's supervised release be revoked and that she be committed to the custody of the Bureau of Prisons to be imprisoned for a term of twenty-four (24) months, to run concurrently with any term imposed in Eastern District of Texas Cause No. 4:19CR68, with no term of supervised release to follow in this cause.

The Court also recommends that Defendant be housed in the Bureau of Prisons facility in Seagoville, Texas, if appropriate. **SIGNED this 24th day of June, 2021.**

_____
Christine A. Nowak
UNITED STATES MAGISTRATE JUDGE